UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rein Midway Limited Partnership, a Connecticut corporation, and RK Midway, LLC, a Delaware limited liability company,

Plaintiffs,

Civ. File No. 00-612 (PAM/JGL)

v.

**MEMORANDUM AND ORDER**

State Farm Fire and Casualty Company,

Defendant.

---

This matter is before the Court on Defendant State Farm's Motion for Summary Judgment. For the reasons that follow, the Court denies Defendant's Motion.

**BACKGROUND**

This case arises out of environmental contamination caused by a dry cleaning establishment in the Midway Shopping Center on University Avenue in St. Paul. The dry cleaner, Econ-O-Clean, operated in the shopping center for almost 20 years. In 1989, Plaintiff Rein Midway Limited Partnership ("Rein Midway") bought the shopping center, including the dry cleaning establishment. Subsequent tests revealed the presence of perc terchloroethylene ("perc") in the soil and groundwater of the shopping center. The Minnesota Pollution Control Agency ("MPCA") determined that the source of the perc contamination was the dry cleaning business. The MPCA and Rein Midway then negotiated

FILED FEB 21 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

a voluntary clean-up agreement. Rein Midway now seeks indemnity for clean-up costs from Defendant State Farm Fire and Casualty Company ("State Farm"), the insurer of the dry cleaning business.

There is no dispute that the insurance policies for the business in effect after 1986 contain a broad pollution exclusion that precludes coverage. Rein Midway contends that the policies issued from December 1981 until some date in 1986 contain no such exclusion. According to Rein Midway, the language of the pre-1986 policies provides coverage for all environmental contamination that is "sudden and accidental," and Rein Midway asserts that the contamination at issue was sudden and accidental. However, neither State Farm nor Rein Midway have copies of these insurance policies.

State Farm has moved for summary judgment, claiming that Rein Midway is unable to establish the terms and policy limits of the purported insurance policies by clear and convincing evidence.[1] Thus, according to State Farm, it is entitled to judgment as a matter of law. Rein Midway claims that the correct standard is whether it can establish the terms and limits of the policies by a preponderance of the evidence. Rein Midway contends that enough circumstantial evidence exists to go to a jury on the question of what the policies said.

---

[1] There is no dispute, at least for the purposes of this motion, that Econ-O-Clean was insured by State Farm during the relevant period.

## DISCUSSION

### A. Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enterprise Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enterprise Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

### B. Quantum of Proof

There is a split of authority on whether an insured must prove the existence, terms, and policy limits of a lost insurance policy by clear and convincing evidence or by a

preponderance of the evidence. The clear and convincing standard was articulated in Boyce Thompson Institute for Plant Research, Inc. v. Insurance Company of North America, 751 F. Supp. 1137 (S.D.N.Y. 1990). The Boyce Thompson court held that "a party seeking to recover upon a lost instrument must prove its former existence, execution, delivery and contents by clear, satisfactory and convincing evidence." 751 F. Supp. at 1140. The court stated that "lost insurance instruments are a common problem" thus necessitating a higher quantum of proof. Id.

In support of its decision, the court cited, inter alia, Emons Industries, Inc. v. Liberty Mutual Fire Insurance Company, 545 F. Supp. 185, 188 (S.D.N.Y. 1982). However, the Emons decision did not specifically adopt the clear and convincing standard, but only mentioned that Pennsylvania law required such a standard. Emons, 545 F. Supp. at 188. In fact, applying New York law, the court in Emons determined that the plaintiff had raised enough evidence on the terms and limits of the lost insurance policy to survive the defendant's motion for summary judgment. Id. at 189.

The Boyce Thompson decision has been roundly criticized, most comprehensively in Remington Arms Company v. Liberty Mutual Insurance Company, 810 F. Supp. 1420 (D. Del. 1992). The Remington Arms opinion pointed out that neither Boyce Thompson nor any of the decisions on which it relied stated any compelling justification for requiring a heightened standard of proof. The Remington Arms court examined the requirements of the Federal Rules of Evidence and determined that the correct standard of proof for lost

documents is preponderance of the evidence. 810 F. Supp. at 1424-26. According to the court, a heightened standard of proof is warranted only where there is an allegation of fraud, or where the lost instrument is especially vulnerable to fraud, as in the case of lost wills or deeds. Id. at 1425-26.

Courts within this District have determined that the correct standard is preponderance of the evidence. Judge Kyle implicitly adopted the Remington Arms holding in American States Insurance Company v. Mankato Iron and Metal, Inc., 848 F. Supp. 1436, 1441 (D. Minn. 1993), and that opinion has been cited with approval in at least one other case in this District. See, e.g., Bell Lumber & Pole Co. v. United States Fire Ins. Co., 847 F. Supp. 738, 743 (D. Minn. 1994) (Doty, J.). Both Judges Doty and Kyle noted that Minnesota has not adopted a standard of proof in lost insurance policy situations. The Eighth Circuit has not spoken on the issue.

The Court is loath to create a split of authority within this District on what standard of proof is required. Moreover, the reasoning of the Remington Arms case and its progeny is more persuasive than that of the Boyce Thompson line of cases. Therefore, the Court finds that Rein Midway must prove the essential terms and policy limits of the lost insurance policies by a preponderance of the evidence.

**C. Evidence of Policy Terms and Limits**

The evidence submitted by Rein Midway relating to the contents of the lost insurance policies consists of: (1) an undated memorandum prepared by State Farm detailing the

environmental history of the property and State Farm's potential liability for environmental claims; (2) other State Farm memoranda; (3) a portion of a form comprehensive business liability policy used by State Farm during the relevant time period; (4) an application for renewal of an insurance policy on the Econ-O-Clean business filled out in 1988; and (5) payment notices, invoices, and audits sent by State Farm to Econ-O-Clean dating from 1981 through 1985. (McGlincey Aff. Ex. A.) Taken in the light most favorable to Rein Midway, the evidence shows that questions of fact exist as to whether Rein Midway can prove the limits of the policies. For example, the application for insurance, although filled out after 1986, indicates that it is seeking policy limits similar to those on previous policies. (See id. at SF0159 (applicant seeking $1000 limit of liability on property of others with notation "had on previous policy").) Thus, a reasonable jury could conclude that the policy limits of the pre-1986 policies were the same as those requested in the 1988 application.

Finally, the evidence submitted by Rein Midway creates a fact issue as to the terms of the insurance policies issued to Econ-O-Clean. State Farm contends that it used at least four different form business insurance policies, and that Rein Midway has not shown which, if any, applied to Econ-O-Clean. However, State Farm does not claim that the four policy forms contain different language regarding coverage for environmental contamination and, in fact, State Farm's own internal memorandum indicates that State Farm believes that a standard pollution exclusion applied. (See id. at SF0011 ("it appears at this time that the insured's [sic] did have policies in 1980 and the old pollution language would be

applicable").) State Farm's arguments about the failure to prove which form was used go to the weight to be accorded Rein Midway's evidence, and do not mandate the exclusion of that evidence.

**CONCLUSION**

Rein Midway has succeeding in raising genuine issues of material fact, mandating the denial of State Farm's Motion. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Clerk Doc. No. 9) is **DENIED**.

Dated: February 21, 2001

Paul A. Magnuson
United States District Court Judge